UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLOW E. PARKER JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   2:23-cv-01382** |
| **STATE OF LOUISIANA, ST. TAMMANY PARISH SHERIFFS OFFICE, AND ST. TAMMANY PARISH SHERIFF RANDY SMITH** | **SECTION: "H" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

### I.     Factual Background/Procedural History

Plaintiff Marlowe E. Parker, Jr ("Parker" or "Plaintiff") is housed in St. Tammany Parish Jail and filed this suit *pro se* and *in forma pauperis* complaint pursuant to 42. U.S.C. § 1983 against Defendants the State of Louisiana, Sheriff Randy Smith ("Smith"), and St. Tammany Parish Sheriff's Office. R. Doc. 4. Parker alleges he was brutally attacked by police during his arrest in December of 2020 at Russell's Quick Stop in Lacombe, La. *Id.* He alleges that Six St. Tammany Parish Sheriff's deputies attacked him. *Id*. Plaintiff claims he was under the influence and on methamphetamines when he was arrested and brutally attacked after the deputies approached him with accusations that he stole items from the store. *Id.* Plaintiff further alleges he was charged with resisting arrest and deprived of his civil liberties so he could not execute his right to defend against police brutality. *Id.*

Parker was arrested in December 2020 and later convicted of the charges on April 4, 2023. *Id* at *P.3. In the Plaintiff's broadly construed complaint, he maintains that even convicted persons are entitled to justice and alleges conspiracy between St. Tammany prosecutors and judges to support the police criminal activity. *Id.* Further, he alleges sentencing guidelines are racially biased and prejudiced towards black career criminals and that certain programs afforded to white criminals are not afforded to the black criminals. *Id.* Parker seeks injunctive relief and monetary damages to be compensated for his alleged state law claims of emotional distress, pain and suffering, and lost income (unemployment checks). *Id*. He further seeks relief as result of the alleged deprivation of his Fifth Amendment due process rights and loss of liberty at the hands of the St. Tammany Parish deputies who used excessive force and brutally attacked him during his arrest in December 2020. *Id*.

**II.     Standard of Review**

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

#### A. State of Louisiana

Parker has named the State of Louisiana as a Defendant in this matter. R.Doc. 4. Parker has alleged the State of Louisiana is liable in connection with the St. Tammany Parish Sheriff's office and St. Tammany Parish Sherriff Randy Smith for the police brutality attack by the St. Tammany deputies and deprivation of his civil liberties and constitutional rights. *Id*. He further contends that the State is liable, along with the Judges and DA's of St. Tammany, for supporting the criminal acts of the St. Tammany deputies. *Id*.

However, the claims against the State of Louisiana should be dismissed as frivolous and the Court should withhold summons because the State of Louisiana enjoys Eleventh amendment immunity. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000). The Eleventh Amendment forbids federal courts from entertaining a suit for money damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. Case 2:22-cv-02171-GGG Document 10 Filed 01/04/23 Page 4 of 14 5 89, 98 (1984); *Voisins Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suits for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dept of Employment*

Sec., 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief cannot be pursued directly against the State in federal court).

A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). In this case, the State of Louisiana has not waived immunity. Further, Parker has not alleged any claim or conduct by the State of Louisiana in Connection with Sherriff Smith and the St. Tammany Parish Sherriff's office to show the State of Louisiana is involved or would be liable for any of the alleged crimes by the state and its officials that Parker declared in his complaint.

Additionally, Parker has not alleged any custom or policy by the State of Louisiana that resulted in harm against the Plaintiff. La. Rev. Stat. Ann. ' 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court.". Therefore, this Court lacks subject matter jurisdiction over the Plaintiffs claims against the State of Louisiana.

In this case, the State of Louisiana has not expressly consented to being sued in federal court and the Court is without jurisdiction to consider the claims against the State of Louisiana for the purpose § 1983 liability and must be dismissed without prejudice for lack of jurisdiction. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Therefore the claim against the State of Louisiana should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune Defendant pursuant to 28 U.S.C. § 1915(e), § 1915A, § 1919 and 42 U.S.C. § 1997e.

### B. <u>St. Tammany Parish Sherriff Randy Smith</u>

Parker has named Sherriff Randy Smith of St. Tammany Parish as a Defendant in this matter alleging Smith was involved with the incident surrounding his police brutality and constitutional

violation claims. Rec. Doc. 4. He further contends Smith is vicariously liable for the criminal acts of his deputies and alleges that the charges were brought on him so he wouldn't be able to execute his constitutional rights to defend himself. *Id*. However, Parker has not alleged or implied any conduct by Smith to show how he is in any way connected to the alleged conduct by the Plaintiff or responsible for his prosecution.

Section 1983 provides a cause of action for plaintiffs whose federal rights are violated under the color of state law. 42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). To state a claim under Section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law. *Id*. It is well-settled in this Circuit that "[u]nder [section] 1983, officials are not vicariously liable for the conduct of those under their supervision." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Instead, supervisory officials will be personally liable "only if: (i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996) (citing *Mouille*, 977 F.2d at 929).

Having reviewed and broadly construed Parker's complaints and his subsequent relevant filings, the Court has determined that his claims can be resolved on the following grounds. The Fifth Circuit has held that a suit against a Sheriff in his official capacity is a suit against the Parish in which he sits. *See Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 392 (5th Cir.2000); *see also Corley v. Prator*, 290 Fed.Appx. 749, 752 (5th Cir. Aug. 25, 2008) (suit against Sheriff in his official capacity "must be treated as suit against the municipality"). Thus, the Plaintiff's official capacity claim against Sheriff Smith is treated as a suit against St. Tammany Parish. In section

1983 suits, municipalities cannot be held liable under a theory of *respondeat superior*. *Pineda*, 291 F.3d at 328. Instead, the Court must apply the *Monell test*, which ensures that municipalities are held responsible only for "their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original).

Section 1983 municipal liability requires proof of three elements: (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is that policy or custom. *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009) (citations omitted). Thus, a plaintiff seeking to impose liability on a municipality under section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997). Plaintiff does not identify any specific policy, custom, or conduct by Smith that was the moving force behind any of the alleged constitutional violations.

Additionally, Parker fails to allege in his complaint how Sheriff Smith violated his constitutional rights and acted outside the confines of his 'traditional official functions" as Sheriff. *See e.g. Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). In this case, the record or Parkers complaint does not rise above the level of conclusory allegations that the Plaintiff suffered any constitutional violation.

If Parker intended to pursue an official capacity claim against Sheriff Smith, he does not allege any claim of unconstitutional policies or customs by Smith that resulted in Plaintiff's Injuries. Nor does he allege any personal involvement if he intended to sue Smith in his individual capacity. The Plaintiff's section 1983 claims against Sherriff Smith in his official and individual capacity fail to allege sufficient facts to hold Smith vicariously liable for Parkers alleged constitutional violation by the St. Tammany deputies. Moreover, the claims should be dismissed

as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

### C. St. Tammany Sheriff's Office

Parker has named the Sherriff's office of St. Tammany Parish as a Defendant in this case and contends the Sheriff's office is liable for the conduct of their deputies in his alleged police brutality claims and deprivation of his constitutional rights. Rec. Doc. 4. Parker further alleges that sheriff's office thinks they are above the law and deprived Parker of constitutional rights by revoking full benefits for programs in the correctional facility on the basis of his race. *Id*. Additionally, he alleges that the Sheriff's office, in joint participation with the judicial system of St. Tammany parish, Sherriff Smith, and the State of Louisiana is depriving the citizens of Louisiana their constitutional rights of fair treatment, judgement, and trials. *Id.*

The claims against the Sheriff's office St. Tammany Parish should be dismissed as frivolous and for failure to state a claim for which relief can be granted because the Sheriff's office is an improper Defendant and is not a legal entity capable of suing or being sued under Section 1983 liability. Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether the sheriff's office or the jail are suable entities. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3d Cir. 1977). Thus, the parish sheriff's offices are not legal entities capable of suing or being sued. *Regur v. Lichfield*, 700 F. Supp. 863,

965 (M.D. La. 1988). Accordingly, the St. Tammany Parish Sheriff's Office is not a juridical person capable of being sued and the claims against it must be dismissed as frivolous and for failure to state a claim for which relief can be granted, pursuant to § 1915 and § 1915A.

### IV. Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that § 1983 claims against Defendant, The State of Louisiana, be **DISMISSED WITHOUT PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, for seeking relief against an immune Defendant and lack of jurisdiction pursuant to 28. U.S.C.(§) 1915e, (§) 1915A, (§) 1919 and 42 U.S.C. (§) 1997e.

**IT IS FURTHER RECOMMENDED** that § 1983 claims against Defendant, St. Tammany Parish Sherriff Randy Smith, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted pursuant to 28. U.S.C.(§) 1915e, (§) 1915A, and 42 U.S.C. (§) 1997e.

**IT IS FURTHER RECOMMENDED** that § 1983 claims against Defendant, St. Tammany Parish Sheriff's Office, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, for seeking relief against an improper Defendant and otherwise for seeking relief pursuant to 28. U.S.C.(§) 1915e, (§) 1915A, and 42 U.S.C. (§) 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

        New Orleans, Louisiana, this 12th day of July 2023.

        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**